**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **SPYCURITY LLC,** | |
| **Plaintiff,** | **No. 1:17-cv-** |
| **v.** | **JURY TRIAL DEMANDED** |
| **SANGOMA US, INC.,** | |
| **Defendant.** | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Spycurity LLC, by and through its undersigned counsel, files its Original

Complaint for Patent Infringement and alleges based on knowledge as to itself and information

and belief as to the Defendant as follows.

### THE PARTIES

1.      Plaintiff Spycurity LLC is a Texas limited liability company with a principal

office at 15922 Eldorado Pkwy, Suite 500-1536, Frisco, Texas 75035.

2.      Defendant Sangoma US, Inc., is a Delaware corporation with a principal office at

2414 Industrial Drive, Unit D, Neenah, Wisconsin 54956.  Defendant's registered agent for

service of process is National Corporate Research, Ltd., 850 New Burton Road, Suite 201,

Dover, Delaware 19904.

### JURISDICTION AND VENUE

3.      This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4.      Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and

1338.

5.      Upon information and belief, this Court has personal jurisdiction over Defendant

because (i) Defendant conducts business in this Judicial District, directly or through

intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial

District; and (iii) Defendant regularly solicits business, engages in other persistent courses of

conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6.      Venue is proper in this Judicial District under 28 U.S.C. § 1400(b).

## THE PATENT-IN-SUIT

7.      On September 15, 1998, the U.S. Patent and Trademark Office issued U.S. Patent No. 5,809,118 (the "118 Patent"), entitled "System and Method for Triggering Actions at a Host Computer by Telephone."  A true and correct copy of the 118 Patent is attached at Exhibit A.

8.      The 118 Patent is presumed valid under 35 U.S.C. § 282(a).

9.      Plaintiff is the owner and assignee of all substantial rights, title, and interest in the 118 Patent.

## THE ACCUSED PRODUCT

10.     Defendant makes, uses, sells, offers for sale, or imports one or more products that infringe one or more claims of the 118 Patent.

11.     Defendant's Accused Product is its Netborder SS7 VoIP Gateway.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 5,809,118

12.     Plaintiff incorporates by reference each of its foregoing allegations herein.

13.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the 118 Patent in this District and throughout the United States, literally or under the doctrine of equivalents.

14.     Defendant directly infringes at least Claims 1, 6, and 13 of the 118 Patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using (at least by testing the Accused Product before selling), offering for sale, selling, or importing within this District and the United States its Accused Product as shown in Exhibit B.

15.     Claims 1, 6, and 13 are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

16.     A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Product infringes Claims 1, 6, and 13 upon a plain reading of this Complaint, the 118 Patent, and Claims 1, 6, and 13.

17.     Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; Plaintiff's preliminary infringement analysis as provided in this Complaint is not representative of its preliminary or final infringement contentions or claim construction positions that will be served on Defendant later in this case.

18.     Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that its Accused Product directly infringes one or more claims of the 118 Patent.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A.     Judgment that Defendant has infringed the 118 Patent under 35 U.S.C. § 271(a);

B.     An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D.     Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E.     Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(b).

Dated: July 5, 2017

Respectfully Submitted,

*/s/ Timothy Devlin*
Timothy Devlin
Delaware Bar No. 4241
DEVLIN LAW FIRM LLC
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

OF COUNSEL:
Peter J. Corcoran, III
CORCORAN IP LAW, PLLC
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
peter@corcoranip.com


*Counsel for Plaintiff Spycurity LLC*